IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES C. SANDERSON,

                                     Case No. 3:14-cv-00657-SI

        Petitioner,

    v.

MARION FEATHER,

                               OPINION AND ORDER

        Respondent.

Stephen R. Sady, Chief Deputy Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

        Attorney for Petitioner

S. Amanda Marshall
United States Attorney
Natalie Wight, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

        Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") decision to exclude him from the Residential Drug Abuse Treatment Program ("RDAP"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.[1]

### BACKGROUND

On February 26, 2013, petitioner was sentenced to 51 months' imprisonment in the Western District of Virginia for conspiracy to distribute marijuana. The District Court recommended that petitioner participate in drug treatment during the course of his sentence.

In 1990, Congress tasked the BOP to make substance abuse treatment available for inmates with substance abuse issues. 18 U.S.C. § 3621(b). This congressional action led to the creation of RDAP. In order to successfully complete RDAP, inmates must complete three separate phases of that program: a minimum of 500 hours of a unit-based component, follow-up services, and a

---

[1] Petitioner asked for expedited consideration in this case, a request the court allowed in the form of an Expedited Scheduling Order. The Expedited Scheduling Order calls only for a response from the Government because petitioner filed his supporting memorandum when he filed his Petition. After the court took this case under advisement in an expedited fashion, petitioner, without seeking permission from the court, filed a reply brief which is not contemplated by the Expedited Scheduling Order. The court strikes that brief without consideration of its contents.

2 - OPINION AND ORDER

community transitional drug abuse treatment component.  28 C.F.R. § 550.53; Program Statement 5330.11.  As an incentive to prisoners to enroll in RDAP, Congress provided that inmates who successfully complete RDAP are entitled to an early release benefit of not more than one year, assuming they are otherwise eligible for early release.  18 U.S.C. § 3621(e)(2)(B).

Prior to March 16, 2009, inmates who were not eligible for placement in the community transitional component of RDAP could still participate in the earlier phases RDAP, but could not avail themselves of the early release benefit.  28 C.F.R. § 550.58 (1997).  On March 16, however, the BOP issued final rules that excluded all prisoners with detainers from participating in any aspect of RDAP.  28 C.F.R. § 550.53; Program Statement 5330.11.

At issue in this case is petitioner's exclusion from RDAP based upon a detainer filed in Mendocino County, California:

> [A] review of your Presentence report, page nine, reveals, "A state probation violation warrant from the County of Mendocino, California, was issued on December 13, 2011, which remains pending."  As per Program Statement 5330.11, Psychology Treatment Programs, chapter two, page thirteen, inmates applying for RDAP admission must be able to "complete all of the components of the RDAP, e.g., is able to participate in community transition drug abuse treatment."  Thus, your current outstanding pending charge precludes you from participating in community transition drug abuse treatment and, as such, prohibits you from being granted a RDAP clinical interview.

Petitioner's Exhibit C.

3 - OPINION AND ORDER

Petitioner now brings this habeas corpus action in which he challenges the BOP's decision to exclude him from RDAP and its accompanying early release benefit.  He claims that the BOP's policy prohibiting his placement in RDAP due to his pending detainer violates the clear statutory mandate of 18 U.S.C. §3621 as well as §§ 553 and 706 of the Administrative Procedures Act ("APA").  He also reasons that if the BOP was wrong to exclude him from participating in RDAP, then it would also be wrong to exclude him from the early release benefit of RDAP in the event he successfully completes the program.

<b><u>DISCUSSION</u></b>

## I.    <u>Statutory Interpretation</u>

Petitioner first alleges that the BOP rules disqualifying prisoners with pending detainers from participation in RDAP are invalid because they violate the clear statutory mandate of 18 U.S.C. § 3621(e) that the BOP provide residential treatment to all eligible prisoners.  He argues that in order to be "eligible" under the statute, he only need to be a prisoner with a substance abuse problem who is interested in participating in RDAP.  18 U.S.C. § 3621(e)(5)(B).  He therefore concludes that the statutory scheme unambiguously requires the BOP to allow him to participate in RDAP.

In *McLean v. Crabtree*, 173 F.3d 1176(9th Cir. 1999), the Ninth Circuit engaged in a statutory analysis of 18 U.S.C. § 3621 to

4 - OPINION AND ORDER

determine whether the BOP retains the statutory authority to promulgate the community requirement and detainer exclusion.  The Court of Appeals determined that the BOP has the authority to require inmates to complete the community component of RDAP.  *Id* at 1182-83.  It found this power to be "implied by the BOP's statutory authority to exercise discretion in deciding whether to keep prisoners in custody and its authority to design and administer various treatment programs."  *Id* at 1182.  Accordingly, petitioner's contention that the statutory framework unambiguously forbids the BOP from excluding prisoners from RDAP based upon their inability to satisfy the community component of the program is unavailing.

## II.   **APA Challenge Under 5 U.S.C. § 706**

Petitioner also challenges the BOP's decision to exclude him from RDAP on the basis that it is arbitrary, capricious, and an abuse of discretion in violation of § 706 of the APA.  Petitioner is not entitled to relief on this claim because, pursuant to 18 U.S.C. § 3625, the judicial review provisions of the APA found in §§ 701-706 do not apply to the BOP's determination.  *Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011).

## III. **APA Challenge Under 5 U.S.C. § 553**

Finally, petitioner alleges that the BOP's rule excluding inmates with pending detainers from RDAP is procedurally invalid because the BOP failed to provide adequate notice of the change in

5 - OPINION AND ORDER

violation of the notice and comment requirements of 5 U.S.C. § 553(b) and (d). The APA requires that federal agencies publish notice of their proposed rules in the Federal Register, provide a comment period for interested parties, and publish the adopted rule not less than thirty days before its effective date.   5 U.S.C. § 553(b)-(d).

In this case, the BOP provided notice of its proposed rule changes in the Federal Register on July 1, 2004.   69 Fed. Reg. 39887.   The proposed rules put interested parties on notice that former § 550.56 would be replaced by § 550.53, and allowed interested parties until August 30, 2004 to submit comments.   *Id.* This was sufficient to comply with the notice and comment requirements of the APA.

Petitioner also alleges, however, that the BOP relied upon an erroneous interpretation of a comment by the American Psychiatric Association ("Association") in promulgating § 550.53.   In its comment to the proposed rule change, the Association expressed concern about the efficacy of transitional drug treatment programming provided only within a prison setting.   65 Fed. Reg. 80745-01, 80746 (Dec. 22, 2000).   The BOP responded that it agreed that a community-based program increases the opportunity for a good outcome, and believed that "successful completion of the program must include both the institutional and the community-based component."   65 Fed. Reg. at 80746.

6 - OPINION AND ORDER

On June 21, 2000, the Medical Director of the Association sent a letter to the Director of the BOP regarding the BOP's interpretation of the Association's comment:

> We are in agreement with the Bureau's analysis that it cannot duplicate within a prison institution the environment of community-based transitional services. However, we think that transitional services can be established within a prison setting that can improve the outcome related to successful completion of a residential drug treatment program. It was for that reason that we advocated for more comprehensive transitional treatment being offered in the prison setting in contrast to the one hour per month minimum requirement.
>
> It is our recommendation that inmates, who are ineligible for community placement, not be excluded from participating in a residential treatment program and subsequent transitional program within the prison for early release considerations because we think that such participation will result in better outcomes than no participation in such treatment. We also know clearly that eligibility for early release consideration will significantly increase the number of inmates participating in such treatment for obvious reasons.

Petitioner's Exhibit A.

The BOP responded as follows:

> In June 2000, the American Psychiatric Association submitted a clarification to its original comment. In this clarification, the Association agrees with the Bureau's contention that it cannot duplicate within a prison institution the environment of community-based transitional services.
>
> The Association, however, does think that transitional services can be established within a prison setting that can improve the outcome related to successful completion of a

7 - OPINION AND ORDER

residential drug treatment program. The
Association believes that this can be done by
increasing the minimum requirement for
transitional services within the institution
from the original minimum of one hour per
month. The Association does not mean to
present an either/or choice of one hour per
month within the institution or full
participation in the community-based program.

\* \* \*

As for the clarification by the American
Psychiatric Association, we do not believe
that it is practicable to enhance transitional
services within the institution sufficiently
to ensure the intended results.

65 Fed. Reg. 80745 at 80746-80747 (2000).

It is evident from this entry in the Federal Register that the
BOP considered the Association's comment, as well as its subsequent
clarification. It was within the BOP's authority to make a
decision as to its implementation of the residential treatment
program based upon its expertise and experience. *Sacora v. Thomas*,
628 F.3d 1059, 1069 (9th Cir. 2010) (allowing the BOP to rely on its
experience in its rule making); *Peck v. Thomas*, 697 F.3d 767, 775-
776 (9th Cir. 2012) (same). Put another way, the BOP was not bound
by the Association's comment and subsequent clarification to run
the residential component of RDAP in the way the Association
advocated. The BOP was only obliged to provide notice, an
opportunity to comment, and to consider the comments submitted by
interested parties. Because it did so, habeas corpus relief is not
appropriate.

8 - OPINION AND ORDER

## CONCLUSION

The court strikes petitioner's Reply (#12) without consideration because the brief is in violation of the court's Expedited Scheduling Order. For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied.

IT IS SO ORDERED.

DATED this 28ᵗʰ day of May, 2014.

Michael H. Simon
United States District Judge

9 - OPINION AND ORDER